GREGORY, Circuit Judge,
concurring in part and dissenting in part:
While I concur with the majority’s opinion finding that Wright was appropriately categorized as an armed career offender under the Armed Career Criminal Act, I respectfully dissent from Part IV, which denies Wright’s claim that the district court erred when it applied the sentencing guideline for first degree murder. Under Gall v. United States, 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007), we “must first ensure that the district court committed no significant procedural error.” I find that the court’s cross reference to first degree murder resulted in an erroneous calculation of the guidelines.
While reckless behavior, as cited by the district court and the majority, may be sufficient to show malice aforethought, there must be evidence that the killing was “willful, deliberate, ... and premeditated” for murder to rise to the level of first degree. See 18 U.S.C. § 1111(a). In this case, no evidence, and certainly not a preponderance of the evidence, demonstrates that Wright held a premeditated design to effect the death of any person. There is no evidence that Wright knew that the cars he was firing toward were occupied or that Wright consciously intended to bring about the death of any person at the scene, thus causing Smalls’ death. Instead, as the district court recognized, Smalls “happened ... to be in the vicinity” when Wright engaged in a “reckless” and “random firing.” J.A. 163-64. No one testified that Wright was shooting at any individual. To the contrary, the evidence shows that Wright “didn’t open fire in the club” and was shooting “towards the cars” parked in the lot. J.A. 56, 106-07. One witness specifically stated that Wright was aiming at a green car to shoot it up and agreed that Wright was not shooting at persons. J.A. 75, 83. Another witness testified that Wright was shooting directly in front of a green truck, belonging to the club owner McCullum. J.A. 58. McCullum was the individual who told Wright he could not enter the club.
While the facts of this case are tragic and Wright’s conduct was certainly reckless, whether the conduct constituted first degree murder depends on whether Wright acted purposefully and not simply whether Smalls’ death was foreseeable. Foreseeability, as cited by the majority, is relevant to second degree murder, but it is not a component of first degree murder, which requires a specific, subjective state of mind. First degree murder requires that Wright had the purposeful intent to bring about a death. So while it may have been reasonable for Wright to realize that people might be in the parking lot that night, this alone is not evidence that Wright committed a “willful, deliberate, ... and premeditated” killing. If the evidence had shown that Wright was shooting at anyone with the intent to kill, including the injured bystander, Jameka Manning, I would agree with the majority’s analysis. Such evidence, however, does not exist on this record.
Therefore, the district court’s finding in favor of its cross reference of first degree murder is not supported by a preponderance of the evidence and is clearly erroneous. The resulting error was not harmless because the cross reference to first degree murder, “absent any downward adjustments or departures, require[d] the district court to impose a life sentence.” United States v. Crump, 120 F.3d 462, 467 *270 n. 3 (4th Cir.1997). The court should have cross-referenced second-degree murder, which given Wright’s criminal history category of VI, would have provided a guideline range of 360 months to life. Thus, although Wright would have been eligible for a life sentence, such sentence should not have been required. Consequently, I would vacate the district court’s sentence and remand for resentencing.